In the Matter of the Redevelopment Authority of the City of Philadelphia, Urban Renewal Area *v.* Premises: 2250-52 East Auburn St., Philadelphia, Pa. Claim of: Douglas Waste Paper Company. Redevelopment Authority of the City of Philadelphia, Appellant.

Argued April 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Dennis L. Friedman,* with him *Peter A. Galante,* for appellant.

*Leon W. Silverman,* with him *Stein & Silverman,* for appellee.

OPINION BY JUDGE WILKINSON, May 12, 1976:

Must a person be displaced in order to be a "displaced person" to recover damages for business dislocation in an eminent domain action? It would seem simple enough to find the answer by turning to Section 201 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P. S. §1-201, and look to subparagraph (8), wherein "displaced person" is defined:

> " 'Displaced person' means any condemnee or other person not illegally in occupancy of real property who moves or moves his personal property as a result of the acquisition for a program or project of such real property, in whole or in part, or as the result of written notice from the acquiring agency of intent to acquire or order to vacate such real property;. . . ."

Although complete enough at first blush, the confusion as it relates to our problem is whether for all purposes a condemnee, in possession at the time of taking, is a displaced person entitled to business dislocation damages, or must he have moved as a result of the acquisition or as a result of written notice of intent to acquire or order to vacate.

The lower court held that the condemnee need not have moved and that such limitation applied only to an "other person not illegally in occupancy." We must reverse and hold that the limitation as to moving as a result of the acquisition applies equally to a condemnee as well as to an "other person not illegally in occupancy."

The stipulated facts in the instant case pose the problem squarely. The condemnee's property was taken by appellant on February 8, 1971. The condemnee remained

in possession as a tenant paying rent and so continued at least until the time of the trial on February 10, 1975. The condemnee's business was developed over a 15-year period and was not only dependent on its location in this neighborhood but also on a special permit to operate here as an exception to the zoning. Although condemnee, assisted by appellant, made an effort to locate another property in the neighborhood, properly zoned and within his price range, he was unable to do so. If and when the condemnee's present lease from appellant is terminated, he will have no choice but to go out of business.

The jury returned a verdict of $30,000.00 for the real estate, $10,000.00 for the machinery and equipment, and $10,000.00 for business dislocation damages.

Section 601-A of the Eminent Domain Code, 26 P.S. §1-601-A, provides:

"(a) Any displaced person shall be reimbursed for reasonable expenses incurred in moving himself and his family and for the removal, transportation, and reinstallation of personal property.

. . . .

"(b) Any displaced person who is displaced from his place of business or from his farm operation shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dislocation of such business or farm operation as follows:

. . . .

"(3) In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000) nor less than twenty-five hundred dollars ($2,500), in an amount equal to either (i) forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner-occupancy. . . . In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing

patronage, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business."

The appellee has misplaced his reliance on the only decision interpreting this Section that has come to our attention. In the case of *Vragovich v. The City of Lebanon Parking Authority*, 61 Pa. D. & C. 2d 352 (1973), the court was faced with whether tenants, with a month-to-month lease, who stayed on as tenants with month-to-month leases after a purchase in lieu of condemnation and later were given a proper 30-days' notice to vacate at the end of their tenancies, were displaced persons. Judge GATES ruled they were not since their departure was because of the end of the tenancies, not as a result of an acquisition. In the opinion, the court stated:

"In the definition they do say that a displaced person means any condemnee and it is clear that these plaintiffs are not in that category." 61 Pa. D. & C. 2d at 357.

Quite so, but the court did not say that the condemnee, as a displaced person, did not have to meet the 601-A requirement of being displaced as a result of the acquisition.

It might be considered that the condemnee is displaced by virtue of having his status changed from an owner to a tenant. Indeed, his position in this regard is no different than if he had moved next door, at no expense, into the last available suitable building in the neighborhood and with an identical use permit for complying with the zoning regulations. Under such circumstances, manifestly, he would not be entitled to dislocation damages. At the conclusion of the hypothetical lease in the hypothetical case, he may be forced to vacate and have no place to go. Indeed, at the time of the trial, the condemnee had been a tenant for four years and was then continuing as such.

At the conclusion of condemnee's case, appellant presented a motion for a nonsuit on the issue of business dislocation damages. The motion was denied. After the verdict, appellant's motion for a new trial, based on the refusal of the nonsuit, was refused and dismissed. The parties have not argued, nor has the lower court considered, whether the court could remold the verdict to eliminate the dislocation damages, in effect granting a judgment non obstante veredicto for the defendant on the issue of dislocation damages.

The decision of the lower court is reversed and the record is remanded for further proceedings not inconsistent with this opinion.

Judge KRAMER did not participate in the decision in this case.